## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KRISTOPHER YARBURY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 15-1171-MLB |
| | ) |
| **MARTIN, PRINGLE, OLIVER, WALLACE,** | ) |
| **& BAUER LLP, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## **REPORT AND RECOMMENDATION**

Simultaneous with the filing of this order, the court granted plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, Doc. 7.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

## Background[1]

Plaintiff is one of three surviving sons of the late Katherine D. Towles. Prior to her death, Ms. Towles was employed by defendant Martin, Pringle, Oliver, Wallace & Bauer, LLP ("Martin Pringle") and participated in Martin Pringle's Employment Welfare Benefit Plan ("the Plan"). The Plan administrator was Martin Pringle and the Plan manager was defendant UNUM Group Corporation ("UNUM"). All other defendants are managing or governing authorities of either Martin Pringle or UNUM.

Plaintiff and his brothers were named as beneficiaries under the Plan until December 28, 2010, when UNUM received a revised beneficiary designation form from Martin Pringle, changing the beneficiary from plaintiff and his siblings to William S. Towles III, Katherine's husband. Ms. Towles died in January 2011. The basis of plaintiff's claims is that he believes that the beneficiary designation form was forged and did not, in fact, bear Ms. Towles' signature. Plaintiff claims that the defendants either "utilized" or "accepted" the forged plan documentation which caused him to lose his status as a beneficiary of Ms. Towles' Plan. Plaintiff seeks declaratory and injunctive relief against all defendants under the civil enforcement provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.

On December 10, 2012, plaintiff filed an action in this court captioned *Yarbury v. Martin, Pringle, Oliver, Wallace & Bauer, LLP*, Case No. 12-2773-CM. Plaintiff

---

[1] The facts in this section are taken from plaintiff's Complaint (Doc. 1) and from the Memorandum and Order filed in *Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.*, No. 12-2773-CM (Doc. 173), 2014 WL 1655542 (D. Kan. Apr. 25, 2014). This information should not be construed as judicial findings or factual determinations.

brought that claim under ERISA and claimed that defendants violated 18 U.S.C. §§ 1027 and 664 by breaching their fiduciary duties to plaintiff as a rightful beneficiary of the Plan.  With the exception of plaintiff currently naming the "unknown and undisclosed partners of Martin, Pringle" and UNUM Life Insurance Company of America (in addition to UNUM Group Corporation) in the current action, all parties to this action were named parties in the 2012 case.

The 2012 *Yarbury* action was closed on April 25, 2014, after Judge Carlos Murguia dismissed plaintiff's claims against all defendants for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted.[2]  Plaintiff appealed that ruling, but the Tenth Circuit Court of Appeals affirmed the district court's decision on November 24, 2014.[3]

## Analysis

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if the court determines that the action fails to state a claim on which relief may be granted.  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[4]  The court reviews the sufficiency of the complaint under the same standards as those used when the court considers a motion to

---

[2] *Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.*, No. 12-2773-CM (Doc. 173), 2014 WL 1655542 (D. Kan. Apr. 25, 2014) *aff'd sub nom. Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, LLP*, 584 F. App'x 918 (10th Cir. 2014).
[3] *Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, LLP*, 584 F. App'x 918 (10th Cir. 2014).
[4] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3).

dismiss under Fed. R. Civ. P. 12(b)(6).[5]  Because plaintiff proceeds pro se, his pleadings must be liberally construed.[6]  However, plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[7] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[8]  Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[9]

As an initial consideration, it appears that this court lacks jurisdiction for the same reasons as previously found by Judge Murguia.  Because plaintiff cannot establish that he was either a participant in or beneficiary of the Plan at the time he filed suit, he lacks standing under ERISA.  It follows that, since plaintiff lacks standing to bring suit under the civil enforcement provision of ERISA, the court lacks subject matter jurisdiction over the claim.[10]  Therefore, it is recommended that the court dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Even if the issue of subject matter jurisdiction were not dispositive, plaintiff offers no plausible claim for relief.  Plaintiff's claims, while couched in slightly different language than those of his 2012 case, are the very same claims which have been previously adjudicated by this court. "Res judicata, or claim preclusion, precludes the

---

[5] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[6] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[7] *Id*.
[8] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[9] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[10] *Yarbary,* No. 12-2773-CM, 2014 WL 1655542, at *4-5 (D. Kan. Apr. 25, 2014) (citing *Chastain v. AT&T*, 558 F.3d 1177, 1181 (10th Cir. 2009), and *Raymond v. Mobil Oil Corp*., 983 F.2d 1528, 1534-35 (10th Cir. 1993)).

parties or their privies from relitigating issues that were or *could have been* raised in the prior action."[11]  Three elements must be present in order for claim preclusion to apply: "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits."[12]

The first element is satisfied by the dismissal of plaintiff's 2012 case for lack of jurisdiction and failure to state a claim.[13]  Second, the parties in the current case were all parties to the 2012 matter, with the only new additions being the "unknown and undisclosed partners of Martin, Pringle" (clearly in privity with the Martin Pringle defendants named in both suits) and UNUM Life Insurance Company of America (in privity with UNUM Group Corporation, named in both suits).  Finally, in both cases, plaintiff sought relief under ERISA; therefore, all elements establishing claim preclusion are satisfied.

Because res judicata prevents plaintiff's claims, his complaint neither pleads "enough facts to state a claim to relief that is plausible on its face,"[14] nor presents a rational argument on the facts or law in support of his claim.[15]  It is therefore recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[11] *Wilkes v. Wyoming Dep't of Emp't Div. of Labor Standards,* 314 F.3d 501, 503–04 (10th Cir.2002) (emphasis in original) (internal citation omitted).

[12] *Id.* at 504 (internal quotation marks and alterations omitted); *see also Gose v. City of Douglas, Wyo.*, 561 F. App'x 723, 724-25 (10th Cir. 2014)

[13] *Gose*, at 725 (noting that a dismissal with prejudice on jurisdictional grounds may have preclusive effect on future actions.).

[14] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *Graham v. Sec'y of Health & Human Servs.*, 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

**IT IS THEREFORE RECOMMENDED** that plaintiff's Complaint be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that, because plaintiff is a registered user of the court's electronic filing system, the electronic notification of filing of this recommendation will constitute service on plaintiff. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[16]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 11th day of August 2015.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[16] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).