IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

KRISTOPHER YARBARY,                )
                                   )
                    Plaintiff,     )     **CIVIL ACTION**
                                   )
v.                                 )     No.  15-1171-MLB
                                   )
MARTIN, PRINGLE, OLIVER, WALLACE,  )
& BAUER LLP, et al.,               )
                                   )
                    Defendants.    )
_____)

**MEMORANDUM AND ORDER**

This case comes before the court on the following:

1) Magistrate Gwynne Birzer's report and recommendation (Doc. 8) recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2);

2) Plaintiff's objection and memorandum (Docs. 10, 11).

**I.  Standards**

The standards this court must employ upon review of plaintiff's objection to the Recommendation and Report are clear.  See generally 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  First, only those portions of the Recommendation and Report plaintiff specifically identified as objectionable will be reviewed.  See Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).  Second, review of the identified portions is de novo.  Thus, the Recommendation and Report is given no presumptive weight.  See Griego v. Padilla, 64 F.3d 580, 583-84 (10th Cir. 1995).

**II. Analysis**

Plaintiff is one of three surviving sons of the late Katherine D. Towles, who was employed by defendant Martin Pringle and

participated in Martin Pringle's Employment Welfare Benefit Plan (the Plan). Prior to 2011, plaintiff was a named beneficiary under the Plan. In December 2010, defendant UNUM received a revised beneficiary designation from Martin Pringle changing the beneficiary to William Towles III, Katherine's husband. Katherine died in 2011. In 2012, plaintiff filed an action against defendants alleging that they breached their fiduciary duties to plaintiff as a rightful beneficiary under the Plan. See Case No. 12-2773-CM. Plaintiff alleged that the beneficiary designation was forged and defendants breached their fiduciary duties by adopting a forged document. Judge Murgia dismissed plaintiff's action, finding that plaintiff did not have standing under ERISA because he was not a beneficiary of the Plan. Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., No. 12-2773-CM, 2014 WL 1655542 (D. Kan. Apr. 25, 2014), aff'd Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, LLP, 584 F. App'x 918 (10th Cir. 2014).

Plaintiff filed this action on June 4, 2015, alleging that defendants, Martin Pringle, various partners at Martin Pringle, and UNUM, violated plaintiff's rights under the Plan by accepting a forged document. (Doc. 1).

The magistrate held that plaintiff's claims did not invoke this court's subject matter jurisdiction because plaintiff does not have standing under ERISA and, therefore, recommended dismissal. The magistrate relied on Judge Murgia's decision in the 2012 case. In the alternative, the magistrate held that plaintiff's complaint was barred by res judicata. In response, plaintiff filed an amended complaint and an objection. (Docs. 9, 10, 11). Plaintiff's amended complaint

appears to re-characterize defendants' conduct as fraud instead of a claim of breach of fiduciary duty under ERISA. (Doc. 9). The amended complaint adds several individuals as defendants. However, there are no allegations specifying who took what actions with respect to plaintiff's claim.

Plaintiff's objections to the report and recommendation are confusing, at best. Liberally construing the objection, plaintiff contends that Judge Murgia's decision that plaintiff has no standing under ERISA was based on fraudulent representations by defendants in the 2012 case. Plaintiff, however, failed to raise this argument on appeal and Judge Murgia's decision was affirmed by the Tenth Circuit. Therefore, the court will not consider this belated argument. Plaintiff offers no additional basis for standing under ERISA. Therefore, the court finds that plaintiff has not established that he was a beneficiary of the Plan and lacks standing under ERISA.

In an attempt to circumvent this court's jurisdictional rules, plaintiff's amended complaint casts his allegations in fraud. However, the Supreme Court has held that ERISA preempts state common law causes of action that assert improper processing of claims under a benefit plan regulated by ERISA. <u>Settles v. Golden Rule Ins. Co.</u>, 927 F.2d 505, 508 (10th Cir. 1991). Plaintiff cannot characterize his ERISA claim under state law in order to avoid the court's finding that he lacks standing under ERISA.

Therefore, this court does not have subject matter jurisdiction over this action and it must be dismissed. <u>Laughlin v. KMART Corp.</u>, 50 F.3d 871, 873 (10th Cir. 1995).

**III. Conclusion**

Plaintiff's objection to Magistrate Judge Birzer's Order is OVERRULED (Doc. 10) and the court adopts the report and recommendation in its entirety. (Doc. 8). This action is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

IT IS SO ORDERED.

Dated this 25th day of August 2015, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-4-